**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION**

| | |
|---|---|
| GERALD DWAYNE CARR, § | |
| § | |
| Plaintiff, § | CIVIL ACTION NO.  5:18-CV-00157-RWS |
| § | |
| v. § | |
| § | |
| TDCJ-CID DIRECTOR, § | |
| § | |
| Defendant. § | |

## ORDER

Gerald Dwayne Carr, an inmate confined at the Telford Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, petitioned for a writ of habeas corpus under 28 U.S.C. § 2254.  The Court referred the petition to the Honorable Caroline M. Craven, who recommended dismissal based on the statute of limitations.  After careful, *de novo* consideration, Petitioner's objections are **OVERRULED**.

Petitioner objects to the Magistrate Judge's calculation of his limitations period, arguing his window for suit did not open until he was held past his previous maximum release date. However, in his amended petition, petitioner admits that, as early as November 10, 2014, he became aware that he had been denied credit for time spent out of custody and that his maximum release date had changed.  Therefore, the factual predicate of the claim presented could have been discovered with due diligence on September 17, 2014, the date of petitioner's parole revocation. Moreover, petitioner admits actually discovering the factual predicate of the claim as early as November 10, 2014.  Thus, even affording petitioner the benefit of the later date, his petition was due no later than November 10, 2015, absent any tolling.

Petitioner has not shown justification for tolling the limitations period. He cannot rely on the pendency of a state petition to toll his limitations period. When he filed his first state application, on March 29, 2016, the one-year limitations period had run. And a state application that is filed after the federal limitations period has expired does not revive any portion of the fully expired limitations period. *See Villegas v. Johnson,* 184 F.3d 467, 472 (5th Cir. 1999). Nor can Petitioner rely on exceptional circumstances tolling, as he failed to allege any such circumstances.

Lastly, petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483–84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by the movant are not novel and have been consistently resolved adversely to his position. In addition, the questions

presented are not worthy of encouragement to proceed further.  Therefore, petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.  Accordingly, a certificate of appealability shall not be issued.

The Court, having conducted a *de novo* review of the objections, record evidence and pleadings, concludes the objections are without merit.  *See* FED. R. CIV. P. 72(b).  Accordingly, Petitioner's objections are **OVERRULED**.  The report of the Magistrate Judge is **ADOPTED**.  A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**So ORDERED and SIGNED this 16th day of June, 2020.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE